## STATE vs. ANDREW J. BUCKMAN.

INTOXICATING LIQUORS—ILLEGAL SALE—DEFENSE.
    It is no defense, in a prosecution for unlawfully selling spirituous liquor, that the liquor was sold as a medicine, where accused was not authorized to sell medicine.

(*October* 16, 1911.)

Judges WOOLLEY and RICE sitting.
*Frank M. Jones*, Deputy Attorney General, for the state.
*Robert C. White* for the defendant.

Court of General Sessions, Sussex County, October Term, 1911.

INDICTMENT for selling spirituous liquor, to wit, whiskey, the same not being sold for medicinal or sacramental purposes (No. 80, October Term, 1911).

At the trial of the case, the prosecuting witness, John R. Reed, was asked by Mr. Jones, on direct examination, the following question: "Q. Did you want that whiskey for medicinal or

sacramental purposes? A. I was feeling bad, I wanted it to drink."

The same witness on cross examination was examined by *Mr. White*, as follows: "X. You told him (meaning the defendant) you were feeling bad? A. Yes, sir; I had been away for a week and I was pretty near sick and I asked him if he knew where I could get a half-pint of whiskey and he said he didn't know for sure but he would go look and he fetched me a half-pint of whiskey. X. But you say you were feeling bad? A. Yes, sir. And you told him you were feeling bad? A. Yes, sir. X. And you wanted this whiskey for medicinal purposes? A. Yes, sir."

*Mr. Jones*, on re-direct examination, asked the following question: "RQ. You know what medicine is?" This question was objected to by Mr. White, as already gone into in the examination in chief. Question withdrawn and the witness recalled. *By Mr. Jones*:

"Q. You know what medicine is? A. I never taken much of it. Q. The whiskey which you got of Buckman on this occasion did you get it for medicinal purposes or to drink as a beverage? A. I got it for to make me feel better; I had been away for a week. Q. Is that the purpose for which you usually use whiskey? A. Yes, sir. Q. It was not on a physician's prescription was it? A. No, sir. Q. Buckman is not a physician? A. Not that I know of. Q. Did you or not tell Buckman at the time you got this whiskey that you wanted it for a medicine? A. No; I don't think I did."

On cross examination Mr. White asked the following questions: "X. What did you tell him you wanted it for? A. I told him I was feeling bad. X. You were ill? A. I thought it would make me feel better. X. You took it therefore as a medicine? A. I did; yes, sir."

At the completion of the state's testimony, Mr. White asked that the jury be instructed to return a verdict of not guilty, on the ground that the prosecuting witness stated he took and bought the whiskey as a medicine.

Mr. White's motion was refused and no defense being offered,

the Deputy Attorney General requested the court to give bind-ing instructions to the jury to find a verdict of "guilty".

RICE, J., charged the jury as follows:

Gentlemen of the jury:—Andrew J. Buckman has been indicted, charged with the sale of spirituous liquor, to wit, whis-key, to one John R. Reed, in Seaford, this county, on the twenty-fourth day of September, A. D. 1911, said whiskey not being then and there sold for medicinal or sacramental purposes.

The defense not introducing any testimony, the state has requested us to give you binding instructions to find a verdict of guilty.

It seems to the court that it was not intended that this law should be evaded by permitting a person who was not authorized to sell medicine, to sell vinous, malt or spirituous liquor as a medi-cine; in other words, to protect himself from indictment, a person must be authorized or qualified to sell medicine before he can lawfully sell vinous, malt or spirituous liquor as a medicine; there-fore, while the court is always reluctant to do so, yet we think this is a proper case in which we should give instructions to you to find a verdict of guilty, if you believe the testimony of the state's witness.

Verdict, guilty.